12-15-00295-CV
12-15-00296-CV
12-15-00297-CV

CAUSE NO. 18,295, 18,296, 17,470

IN RE QUINCY B. JOHNSON JR,     §    TWELFTH Court of APPEAL
          PRO SE RELATOR

VS.                             §    of

STATE of TEXAS                  §    HENDERSON COUNTY,
          RESPONDENT

FILED IN COURT OF APPEALS
12th Court of Appeals District

DEC - 7 2015
elkm

TYLER TEXAS
PAM ESTES, CLERK

WRIT of MANDAMUS

NOW BEFORE THE 3RD JUDICIAL DISTRICT COURT:

COME NOW, QUINCY B. JOHNSON JR., PRO SE, RELATOR HEREIN IN THE ABOVE STYLE AND NUMBER CAUSE, AND CALLS IN-TO COURT 'THE' SPECIFIED ISSUE TO REVIEW RESPONDENT, STATE of TEXAS (IN THE DISTRICT COURT of HENDERSON COUNTY, TEXAS 3RD JUDICIAL DISTRICT) ERROR IN REFUSING TO ISSUE OR ENTERED POSTJUDGEMENT GARNISHMENT OR A PROPER 'WRIT of GARNISHMENT', IN THE ABOVE CAUSE NUMBER.

STATEMENT of THE FACTS

1. THE 3RD JUDICIAL DISTRICT COURT, HAD HEARD AND TRIED RELATOR'S CASE WITHOUT EVEN HAVING SUBJECT MATTER JUR-ISDICTION, AFTER RECEIVING A LETTER of NOTIFICATION DATED JANUARY 14, 2013, ASSESSED COURT COST, FINES, FEES OR RESTITUTION IN THE DISTRICT COURT of HENDERSON COUNTY, TEXAS 3RD JUDICIAL DISTRICT; IN CAUSE NO. 18,295, 18,296, AND 17,470.

2. ON AUGUST 26, 2011 JUDGMENT SIGNED BY JUDGE MARK CALHOON, THAT RELATOR OWE COURT COST AND ATTORNEY FEES IN THE AMOUNT of $3,612.75 AND PER THE TEXAS GOVERN-MENT CODE SECTION 501.014 PARAGRAPH E, ON NOTIFICATION BY THE COURT, STATING: MONEY FROM YOUR INMATE TRUST FUND WILL BE GARNISHED, IN CAUSE NO. 18,295.

(1)

3. ON SEPTEMBER 21, 2011 JUDGMENT SIGNED BY JUDGE MARK CALHOON, THAT RELATOR OWE COURT COST AND ATTORNEY FEES IN THE AMOUNT OF $294.00 AND PER THE TEXAS GOVERNMENT CODE SECTION 501.014 PARAGRAPH E, ON NOTIFICATION BY THE COURT, STATING: MONEY FROM YOUR INMATE TRUST FUND WILL BE GARNISHED, IN CAUSE NO. 18,296.

4. ON ~~SEPTEMBER 22, JULY~~ JULY 22, 2011 JUDGMENT SIGNED BY JUDGE MARK CALHOON, THAT RELATOR OWN COURT COST AND ATTORNEY FEES IN THE AMOUNT OF $690.00 AND PER THE TEXAS GOVERNMENT CODE SECTION 501.014 PARAGRAPH E, ON NOTIFICATION BY THE COURT, STATING: MONEY FROM YOUR INMATE TRUST FUND WILL BE GARNISHED, IN CAUSE NO. 17,470.

## REASON FOR GRANTING THE WRIT OF MANDAMUS

MANDAMUS SHOULD BE GRANTED FOR THE SIMPLE REASON: THAT MOST CASES IN WHICH THERE WOULD BE A WANT OF SUBJECT MATTER JURISDICTION ARE SELF EVIDENT, AS SUCH AS IN THIS INSTANT CASE IF A SUBJECT MATTER OR CRIME IS OUTSIDE THE TERRITORIAL JURISDICTION OF THE COURT, THEN THE COURT WOULD NOT HAVE JURISDICTION OVER THE THING OR CRIME INVOLVED.

1. RESPONDENT APPEARED TO HAVE USURP HIS AUTHORITY IN HEARING, TRYING, AND ORDER TO WITHDRAW FUNDS, FROM THE RELATOR ACCOUNT AFTER 3½ YEARS, HE (RESPONDENT) IS OUTSIDE THE TERRITORIAL JURISDICTION OF THE COURT.

2. RELATOR WAS NOT ACCORDED DUE PROCESS NOR GIVEN PROPER NOTICE BEFORE THE COURT ENTER POSTJUDGMENT GARNISHMENT ORDER DIRECTING REMOVAL OF MONEY FROM HIS INMATE TRUST FUND ACCOUNT; NO ATTEMPT WAS MADE TO FOLLOW GARNISHMENT PROCEDURE, TURNOVER PROCEDURE, OR ANY OTHER TYPE OF PROCEDURE BEFORE COURT ENTER

IT'S ORDER, THERE WERE NO PLEADING, NO PROPER "WRIT of GARNISHMENT", NO NOTIFICATION, NO WARNING, AND NO OPPORTUNITY TO RESPOND.

3. RELATOR HAS THE OPPORTUNITY TO BE HEARD IS THE FUNDAMENTAL REQUIREMENT of DUE PROCESS; IT IS AN OPPORTUNITY WHICH MUST BE GRANTED AT A MEANINGFUL TIME AND IN A MEANINGFUL MANNER. USCA CONST. AMEND. XIV; AND TEX. CODE CRIM. PROC. ART. 1.04, BOTH PROVIDE THAT NO CITIZEN IS TO BE DEPRIVED of PROPERTY EXCEPT THROUGH DUE PROCESS of LAW. ZAKEE KALEEM ABDUL-LAH V. STATE of TEXAS, 211 S.W. 3d 938.

4. THE ORDER REMOVED MONEY FROM RELATOR'S TRUST ACCOUNT. A PRISON INMATE HAS A PROPERTY INTEREST IN HIS INMATE TRUST ACCOUNT. COVARRUBIAS V. TEX. DEPT. of CRIMINAL JUSTICE - ID, 52 S.W. 3d 318, 324; BREWER V. COLLINS, 857 S.W. 2d 819, 823. THUS, A PROPERTY INTEREST IS INVOLVED. RELATOR WAS NOT ACCORDED THE PROCEDURAL DUE PROCESS TO WHICH HE WAS ENTITLED.

## STANDARD AND SCOPE of REVIEW

MANDAMUS ISSUE ONLY TO CORRECT A CLEAR ABUSE of DISCRETION OR A VIOLATION of THE DUTY IMPOSED BY LAW WHEN THERE IS NO OTHER ADEQUATE REMEDY AT LAW. WALKER V. PACKER, 827 S.W. 2d 833, 839 (TEX. 1992).

## ADEQUATE REMEDY

THE LAW CREATES COURTS AND DEFINES THEIR POWERS. CONSENT CANNOT AUTHORIZES A JUDGE TO DO WHAT THE LAW HAS NOT GIVEN HIM THE POWER TO DO. SINGLETON V. COMMONWEALTH, 208 S.W. 2d 325, 327 AND 306 KY. 454 (1948).

IT IS ELEMENTARY THAT THE JURISDICTION OF THE COURT OVER THE SUBJECT MATTER OF THE ACTION IS THE MOST CRITICAL ASPECT OF THE COURT'S AUTHORITY TO ACT. WITHOUT IT THE COURT LACKS ANY POWER TO PROCEED; MATTER OF GREEN, 313 S.E. 2d 193, 195 (N.C. APP. 1984).

RELATOR ULTIMATELY ASK THIS COURT TO REVERSE THE ORDER BECAUSE IT'S ORDER TO REMOVED FUNDS WAS ENTERED WITHOUT ANY INFORMATION BEING PROVIDED TO HIM BEFORE HAND.

RELATOR ALSO ASK THIS COURT TO ORDER THE STATE TO PAY ANY COST FOR THIS APPEAL, AND TO ORDER ANY MONEY REMOVED FROM HIS TRUST FUND, RETURNED BACK TO THAT ACCOUNT.

WHERE THE COURT IS WITHOUT JURISDICTION IT HAS NO AUTHORITY TO RENDER ANY JUDGMENT OTHER THAN ONE OF DISMISSAL. GARCIA V. DIAL, 596 S.W.2d 524, 528 (TEX. CRIM. APP. 1980).

## CONCLUSION

FOR THE REASON SET FORTH HEREIN ABOVE, MANDAMUS SHOULD ISSUE TO REVIEW AND RELATOR HAS SHOWN WHY MANDAMUS SHOULD ISSUE TO REVIEW.

## CERTIFICATION OF SERVICE

I, QUINCY B. JOHNSON JR DO HEREBY CERTIFY, DECLARE, AND STATE THAT A TRUE AND CORRECT COPY OF THE FOREGOING WRIT OF MANDAMUS WAS SENT TO THE TWELFTH COURT OF APPEAL AND A COPY TO THE RESPONDENT.

EXECUTE!

CC/FILED
Q BJ.

RESPECTFULLY SUBMITTED,
/s/ Quincy B. Johnson
QUINCY B. JOHNSON JR

(4)